**Opinion filed February 24, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00132-CV

_____

## BWD, INC. D/B/A WITT INTERNATIONAL TRUCKS, Appellant

## V.

## JOHN CHARLES STEVENS, JR. AND DOUG PATTERSON, Appellees

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV46897**

### M E M O R A N D U M   O P I N I O N

BWD, Inc. d/b/a Witt International Trucks sued John Charles Stevens, John Charles Stevens, Jr., and Doug Patterson for breach of fiduciary duty, conversion, money had and received, conspiracy, theft, tortious interference with contractual relations, negligence, gross negligence, and willful misconduct. The trial court granted the no-evidence motions for summary judgment filed by Patterson and Stevens, Jr., entered judgment that BWD take nothing

from Patterson and Stevens, Jr., and severed these claims from the remaining suit against Stevens.[1]  BWD appeals.  We affirm.

BWD presents a single issue on appeal.  In that issue, BWD contends that the trial court erred in granting Patterson's motion for summary judgment with respect to the cause of action for breach of fiduciary duty.  BWD alleged that Patterson, a customer of BWD, knowingly induced John Charles Stevens to breach the fiduciary duty that Stevens owed to BWD as BWD's service manager and that Patterson was thus liable as a joint tortfeasor.  Liability may be imposed on a third party as a joint tortfeasor when the third party knowingly participates in the breach of fiduciary duty.  *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 160 S.W.2d 509, 514 (Tex. 1942); *Kastner v. Jenkens & Gilchrist, P.C.*, 231 S.W.3d 571, 580 (Tex. App.—Dallas 2007, no pet.).  In his motion for summary judgment, Patterson asserted that there was no evidence that he knowingly induced or participated in any breach of fiduciary duty and no evidence that Stevens breached any fiduciary duty owed to BWD.  BWD filed a response and requested leave to file a supplemental response to Patterson's motion.  Although the trial court granted BWD's request for leave, BWD did not file any additional summary judgment evidence.[2]

We review a no-evidence summary judgment under the same standard as a directed verdict.  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003).  Accordingly, we examine the record in the light most favorable to the nonmovant and disregard all contrary evidence and inferences.  *Id.*; *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002).  A trial court must grant a proper no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact.  TEX. R. CIV. P. 166a(i); *Wal-Mart*, 92 S.W.3d at 506.

The summary judgment evidence indicates that Stevens, in numerous invoices to Patterson over a four-year period, charged the parts and labor supplied by BWD at BWD's cost.  BWD estimated its loss from these invoices at approximately $62,377.  According to BWD, Stevens was not authorized to provide parts and labor to Patterson at cost.  BWD asserts that Stevens's actions constituted a breach of his fiduciary duty to BWD and that a genuine issue of

[1]We note that the senior John Charles Stevens is not a party to this appeal.

[2]We note that BWD included the deposition of Stevens in its appellate brief.  That deposition, however, was not included as summary judgment evidence in the trial court, is not part of the record on appeal, and cannot be considered by this court.

2

fact exists as to Patterson's role in inducing or assisting in Stevens's breach of fiduciary duty. In support of this assertion, BWD relies upon an excerpt from the deposition of Greg Witt, the president and general manager of Witt International Trucks. Witt confronted Stevens about one of the invoices, and Stevens explained that "Patterson offered to mow our [BWD's] grass in the back lot and that that's why he went ahead and fixed the invoice at cost." This statement constitutes no more than a scintilla of evidence that Patterson knowingly participated in any breach of fiduciary duty; it merely indicates that Patterson offered to provide services to BWD in exchange for a discount on that invoice.

Because BWD failed to produce more than a scintilla of evidence that Patterson knowingly induced or assisted in Stevens's alleged breach of fiduciary duty, the trial court properly granted Patterson's no-evidence motion for summary judgment. BWD's issue is overruled.

The judgment of the trial court is affirmed.

JIM R. WRIGHT
CHIEF JUSTICE

February 24, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.